UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>ANTONY BLINKEN, *et al.*,<br><br>  Defendants. | Civil Action No. 23-3790 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff is a dual Iraqi and Jordanian citizen who served as a translator and interpreter for the U.S. Army between 2004 and 2009. See ECF No. 1 (Compl.), ¶¶ 1, 20–21. He alleges that militia groups in Iraq, including Al-Qaida, learned of his service to the United States by way of his work on high-profile missions. Id., ¶ 31. One such group put a bounty on his head, and in 2006, Doe was kidnapped and tortured by an unidentified militia group for 22 days. Id., ¶¶ 33–34. Upon his release, he and his family — in fear for their safety — relocated to safer areas in the region. Id., ¶ 35. Doe ultimately applied for a Special Immigrant Visa (SIV) in 2016 in hopes of moving to the United States. Id., ¶¶ 40. After several years in limbo, he has sued the State Department, the Department of Homeland Security, and their respective heads (Antony Blinken and Alejandro Mayorkas) for unreasonably delaying adjudication of his SIV application. Id., ¶¶ 3, 5–8, 40–50. Because of "the possibility that the publishing of his physical address and contact information might increase a threat of physical harm against him," Plaintiff has moved to proceed under a pseudonym. See ECF No. 2 (Mot.) at 3. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is

1

randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

**I.     Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this stage, Plaintiff has succeeded in showing that his privacy and safety concerns outweigh the public's presumptive and substantial interest in learning his identity.

The first factor heavily supports granting the Motion.  Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  As news outlets have reported, Iraqi militant groups have threatened, abducted, and killed individuals like Plaintiff who assisted the United States in its war effort.  See, e.g., Dan De Luce, Only 2 Iraqi Translators Who Worked with U.S. Troops Got U.S. Visas Last Year, NBC News (Aug. 23, 2019), https://perma.cc/4MUE-K85B.  Plaintiff himself has received "many threats from the militia groups in Iraq" because of his service to the U.S. military, and he was abducted and tortured for that service as well.  See Compl., ¶¶ 29, 34.  Fundamentally, Plaintiff fears violent reprisals and threats to his life and the lives of family members, not mere annoyance or criticism.

For essentially the same reason, the second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiff and (more crucially) to "innocent non-parties" also favors proceeding under a pseudonym.  In re Sealed Case, 971 F.3d at 326 (citation omitted).  The innocent non-parties in this case are, at a minimum, Plaintiff's spouse and children, who are equally at risk of the abovementioned violence.  See, e.g., Doe v. U.S. Dep't of State, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) ("Allowing Doe to file pseudonymously will help to conceal his work with the U.S.-led reconstruction efforts [in Iraq] and protect his wife and minor child from the anti-U.S. insurgents . . . .").

The third-factor analysis is similar.  Although Plaintiff concedes that he is not himself a minor, see Mot. at 4, to the extent that revealing his identity would also reveal the identities of his apparently minor children, see Compl., ¶¶ 4, 55 (alleging hesitance to enroll children in good schools), proceeding pseudonymously would be appropriate.  See Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Kerry, No. 15-300 (D.D.C. Feb. 26, 2015), ECF No. 2 at 2 (noting "risk of harm to [plaintiffs'] minor children if the identities of the plaintiffs are publicly disclosed").

The fourth factor, conversely, weighs against granting the Motion.  "[T]here is a heightened public interest when an individual or entity files a suit against the government," particularly in a manner that may "alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward."  In re Sealed Case, 971 F.3d at 329.  Although Plaintiff challenges a years-long delay in adjudicating his SIV application, the case "implicates the more broadly applicable Administrative Procedure Act," which triggers the "heightened public interest" that often controls the final disposition of this factor.  Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (citation omitted); see also Alpha v. Mayorkas, No. 23-1438 (D.D.C. May 23, 2023), ECF No. 3 at 4.

Fifth and finally, the Government would suffer no "risk of unfairness" if the Motion were granted.  In re Sealed Case, 971 F.3d at 326 n.1.  "[T]he Government already knows the Plaintiff's claim and application," and can presumably identify him through his service to the U.S. military as well.  See Mot. at 5; see also Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Pompeo, No. 18-1388 (D.D.C. June 12, 2018), ECF No. 7 at 6 (raising a similar point).  In any event, the Court will order him to file a sealed Notice with his identity.

In sum, all factors except the fourth weigh in favor of granting the Motion to proceed pseudonymously. That lopsided balance resolves the matter in Plaintiff's favor, at least on the current record.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff must file:

    i. The [2] Motion on the public docket; and

    ii. A sealed declaration containing his real name and residential address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: December 28, 2023

5